UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

**NOT FOR PUBLICATION**

August 7, 2017

**LETTER OPINION**

VIA CM/ECF
All counsel of record

Re:   *Andre Collier v. Jimmy Edger, et al.*
      Civil Action No. 16-5430 (MAS) (TJB)

Dear Counsel:

This matter comes before the Court on Defendants Trane U.S. Inc.,[1] James Edger, Jason Pearlman, and Andrew Stevenson's (collectively, "Defendants") Motion to Dismiss Plaintiff Andre Collier's ("Plaintiff") Complaint. (ECF No. 14.) Plaintiff filed opposition (ECF No. 24), and Defendants replied (ECF No. 25). The Court has reviewed the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. After careful consideration of the submissions, Defendants' Motion to Dismiss is GRANTED.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In addressing a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). While a complaint does not need to contain detailed factual allegations to withstand a Rule 12(b)(6) motion to dismiss, a pleader must "provide the 'grounds' of his 'entitle[ment] to relief,' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 545; *see also* Fed. R. Civ. P. 8(a)(2).

Here, Plaintiff brings claims under Title VII and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, (*see* Compl. 4-9),[2] and Defendants' primary argument is that Plaintiff's claims are time-barred (Defs.' Moving Br. 10, ECF No. 14-1). With respect to claims under the ADA and Title VII, when the EEOC declines to take action against an employer

---

[1] Incorrectly pled as Trane/aka/Ingersol Rand. (*See* Defs.' Moving Br. 1, ECF No. 14-1.)

[2] The Court cites to the page numbers assigned by the electronic filing system as indicated in the header.

named in a charge of discrimination, the EEOC must "notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge." 42 U.S.C. § 2000e-5; *Ebbert v. DaimlerChrysler Corp.*, 319 F.3d 103, 108 (3d Cir. 2003) (applying ninety-day statutory period to ADA claims). The ninety-day statute of limitations "begins to run when the plaintiff has notice of the EEOC decision; this usually occurs on the date he receives a right-to-sue letter." *Mosel v. Hills Dep't Store, Inc.*, 789 F.2d 251, 252 (3d Cir. 1986). Receipt is determined as the day the plaintiff or his attorney receives the letter, even if he is not aware of its receipt until some later time. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 93 (1990). The ninety-day statute of limitations is "strictly enforced." *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 472 (3d Cir. 2001). A filing late by one day, without grounds for equitable tolling, is untimely. *Mosel*, 789 F.2d at 253.

Here, Defendants argue that the Complaint states that Plaintiff received the Notice of Right to Sue on June 8, 2016, and Plaintiff filed suit ninety-one days later, on September 7, 2016. (Defs.' Moving Br. 10; Compl. 6.) In response, Plaintiff does not dispute that the Complaint was filed ninety-one days after Plaintiff received the Notice of Right to Sue. (*See* Pl.'s Opp'n Br. 12-13, ECF No. 24-4.) Rather, Plaintiff argues that the Notice of Right to Sue was dated June 7, 2016, and that, under the law, the Notice is presumed to have been received within three days after its issuance. (*Id.*) Plaintiff argues, therefore, that he was entitled to a ninety-three day period after June 7, 2016, and that the deadline to file suit was September 10, 2016. (*Id.*) Plaintiff does not argue that equitable tolling applies.

Plaintiff, however, is mistaken. "When the actual date of receipt is known, that date controls," as opposed to a presumption of a three-day mailing period. *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999). Here, the actual date of receipt is known because Plaintiff explicitly identifies June 8, 2016 as the actual date of receipt. Plaintiff's deadline to file suit, therefore, was ninety days from June 8, 2016, which was September 6, 2016. Accordingly, Plaintiff's claim is time-barred unless there are appropriate grounds for equitable tolling. In light of Plaintiff's failure to plead or otherwise offer any arguments pertaining to equitable tolling, the Complaint is dismissed on all counts without prejudice. *See McEady v. Camden Cty. Police Dep't*, No. 16-1108, 2017 WL 253156, at *5 (D.N.J. Jan. 20, 2017) ("It may be possible to replead [grounds for equitable tolling] in an amended complaint that would survive a Rule 12(b)(6) motion.").

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss. An Order consistent with this Letter Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE